UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

In re:

  Robert W. Crowder, Jr.,

     Debtor.

Case No. 16-20440-PRW
Chapter 7

**DECISION AND ORDER
DENYING DEBTOR'S MOTION FOR SANCTIONS AND ATTORNEYS' FEES
FOR VIOLATION OF THE AUTOMATIC STAY**

PAUL R. WARREN, United States Bankruptcy Judge

  This litigation started quite unremarkably. On April 20, 2016, Robert W. Crowder, Jr. ("Crowder") filed a petition under Chapter 7 of the Bankruptcy Code. With that filing, by operation of federal law, an automatic stay was imposed. 11 U.S.C. § 362(a). About one month later, on May 23, 2016, Crowder filed a motion seeking sanctions and attorneys' fees against Canandaigua National Bank ("CNB") for claimed violations of the automatic stay (ECF No. 14). Those claimed stay violations arise from a post-petition written communication from CNB, the subsequent repossession by CNB of a 2015 Dodge Ram 1500 truck—jointly owned by Crowder and his son—followed by another written communication from CNB (ECF No. 14, Ex. A, B, & C).

  Based on the record, the Court concludes that it is unnecessary to determine whether CNB willfully violated the automatic stay because Crowder candidly acknowledges that he suffered no injury or pecuniary loss as a result of the post-petition actions of CNB—a necessary element of proof for recovery by a debtor under 11 U.S.C. § 362(k)(1). The only "damages"

sought by Crowder are the attorneys' fees associated with the motion itself—perhaps providing a modern day illustration of the reason for a long-held view of some skeptics.[1]

The Court finds that Crowder's motion must fail. No attempt was made by Crowder or his attorney to mitigate the potential for damage by contacting CNB in response to its May 11, 2016 letter, to advise that Mr. Crowder had, in fact, filed a petition. Further, an award of attorneys' fees under the plain language of 11 U.S.C. § 362(k)(1) requires, as a condition precedent, that Crowder be an "individual *injured* by any willful violation of [the automatic] stay." 11 U.S.C. § 362(k)(1) (emphasis added). Crowder admits that he has not been injured. The statutory predicate is missing in this case. Here, the attorneys' fees do not qualify as actual damages under 11 U.S.C. § 362(k)(1) because they were not necessary to stop an ongoing stay violation, to undo the effects of a stay violation, or to recover pre-litigation actual damages. Crowder's motion requesting an award of sanctions and attorneys' fees under 11 U.S.C. § 362(k)(1) is in all respects **DENIED**.

I.

JURISDICTION

The Court has jurisdiction under 28 U.S.C. §§ 157(a), 157(b)(1) and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G). To the extent required by Rule 7052 FRBP, this decision constitutes the Court's findings of fact and conclusions of law.

---

[1] "The one great principle of the English law is, to make business for itself." Charles Dickens, *Bleak House* 385 (Bradbury & Evans 1853).

## II.

## ISSUE

The question presented is whether a debtor can recover sanctions and attorneys' fees for claimed violations of the automatic stay, under 11 U.S.C. § 362(k)(1), where the debtor failed to make any effort to mitigate—despite the opportunity—and where the debtor admits that he suffered no injury or pecuniary loss proximately caused by the creditor's actions. In the Court's view, the answer compelled by the plain language of 11 U.S.C. § 362(k)(1) is no.

## III.

## FINDINGS OF FACT

Crowder filed a petition under Chapter 7 on April 20, 2016 (ECF No. 1). On Schedule A/B, he listed an interest in four vehicles, including a 2015 Dodge Ram 1500 Crew Cab ("Dodge") (ECF No. 1, Schedule A/B). The Dodge was not claimed as exempt on Schedule C (*Id.*, Schedule C). On Schedule D, Crowder indicated that CNB had a security interest in the Dodge to collateralize a debt of $63,750.00; the Dodge had a value of only $37,290.00, however (*Id.*, Schedule D). The Dodge was jointly owned by Crowder and his son, Robert T. Crowder ("son") (*Id.*, Schedule H, Statement of Financial Affairs ¶ 18; ECF No. 14, Ex. D). Although jointly owned, the Dodge was in the son's possession, garaged at the son's home, and operated by the son—not Crowder. Included with the petition and schedules, Crowder filed a "Statement of Intention," as required by 11 U.S.C. § 521(a)(2)(A), indicating his intention to surrender his interest in the Dodge (ECF No. 1, Official Form 108).

CNB was listed as a secured creditor by Crowder and included on the mailing matrix at its 72 South Main Street, Canandaigua, New York address (ECF No. 1, Mailing Matrix). CNB

3

concedes that it received notice of the bankruptcy case shortly after the petition was filed, and the Court's docket makes that concession inescapable (ECF No. 8). CNB and Crowder agree that they had several post-petition communications—written and by phone. They disagree, of course, about the content or legal significance of those communications. CNB claims that Crowder made several phone calls to CNB post-petition, inviting CNB to take possession of the Dodge from his son (ECF No. 19 ¶¶ 7-9). CNB also had a conversation with the son, who echoed his dad's invitation to recover possession of the Dodge and indicated that he too may be filing a bankruptcy petition (*Id.* ¶ 5). Crowder claims it was CNB that initiated the calls (ECF No. 14 ¶¶ 8-9). Despite their disagreement over who initiated the post-petition phone calls, it is undisputed that Crowder neglected to mention to CNB that he had filed a bankruptcy petition. And, despite being forewarned that he might file, CNB seems to have neglected to ask Crowder whether he had, in fact, filed for protection (ECF No. 19 ¶¶ 4-5). Neither party provided the actual dates of these conversations.

When things begin to go bad, they often continue in that direction—as this case demonstrates. On May 11, 2016, CNB sent a late payment notice for the loan secured by the Dodge, indicating that the loan was 60 days delinquent and demanding payment (ECF No. 14, Ex. A). The letter was addressed to "Robert T. Crowder" (the son) but was mailed to Crowder's home address, not the son's (*Id.*). Believing that it had the express consent of both Crowder and his son, on May 17, 2016, CNB peacefully repossessed the Dodge from the son's residence (ECF No. 19 ¶¶ 4, 5, 7, 8, 12). On May 18, 2016, CNB mailed a notice under UCC § 9-614 to Crowder and his son, confirming that the Dodge had been repossessed and that CNB intended to sell it (ECF No. 14, Ex. B & C; ECF No. 19 ¶ 13). On May 23, 2016, the motion seeking sanctions and attorneys' fees was filed. Prior to the motion, neither Crowder nor his counsel

4

made any effort to mitigate the potential for any damage—and the most modest of efforts would probably have ended this yarn before it became legally interesting. Other than generally indicating that he was confused and upset, no damage or pecuniary loss is claimed by Crowder (*See* ECF No. 14 ¶ 10). The motion does not seek return of the Dodge, nor does the motion seek to end any ongoing stay violation. At oral argument, counsel to Crowder conceded that no damage or pecuniary loss was alleged because none was suffered by Crowder. Instead, counsel indicated that the motion seeks sanctions and attorneys' fees so as to protect the honour and sanctity of the automatic stay.

IV.

**CONCLUSIONS OF LAW**

Congress established the legal standard for an award of damages, including attorneys' fees and costs, to remedy a willful violation of the automatic stay in bankruptcy. "*[A]n individual injured by any willful violation of [the automatic] stay* provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1) (emphasis added). "The statute is straightforward, requiring the debtor to prove three elements: (1) the offending party violated the automatic stay; (2) the violation was willful; and (3) that the willful violation caused the debtor an injury." *City of Philadelphia v. Walker*, No. 15-01685, 2015 U.S. Dist. LEXIS 157629, at *6-7 (E.D. Pa. Nov. 23, 2015). The Second Circuit, in affirming the lower court's dismissal of a debtor's request for sanctions and attorneys' fees for a violation of the automatic stay, found that dismissal was warranted because "[the debtor] failed to allege a cognizable injury." *Salem v. Paroli*, 79 F. App'x 455, 456 (2d Cir. 2003), *aff'g*, 260 B.R. 246 (S.D.N.Y. 2001). "[A debtor]

5

Case 2-16-20440-PRW    Doc 26    Filed 06/16/16    Entered 06/16/16 13:39:48    Desc Main
Document    Page 5 of 10

seeking damages for a violation of the automatic stay bears the burden of proving that damages were actually incurred." *In re Sturman*, No. 10 Civ. 6725 (RJS), 2011 U.S. Dist. LEXIS 109599, at *10 (S.D.N.Y. Sept., 26, 2011); *see also In re Manchanda*, No. 16-10222 (JLG), 2016 Bankr. LEXIS 2056, at *11 (Bankr. S.D.N.Y. May 19, 2016); *In re Silk*, No. 15-40103-CJP, 2016 Bankr. LEXIS 1127, at *5 (Bankr. D. Mass. Apr. 8, 2016); *In re Schang*, No. 14-CV-14119, 2015 U.S. Dist. LEXIS 68710, at *7 (E.D. Mich. May 28, 2015); *In re Saratoga Springs Plastic Surgery, PC*, No. 1:03-CV-896, 2005 U.S. Dist. LEXIS 2046, at *14 (N.D.N.Y. Feb. 11, 2005), *aff'd*, 172 F. App'x 339 (2d Cir. 2006).

Attorneys' fees incurred by a debtor may "qualify as actual damages under § 362(k) when they are necessary to stop an ongoing stay violation, undo the effects of a stay violation, or recover pre-litigation actual damages." *In re Vaughn*, No. 10-81836-WRS, 2016 Bankr. LEXIS 661, at *9 (Bankr. M.D. Ala. Mar. 3, 2016). However, "'[attorneys'] fees and costs must be reasonable and necessary,' so as to avoid 'foster[ing] a cottage industry built around satellite fee litigation.'" *Sturman*, 2011 U.S. Dist. LEXIS 109599, at *12 (quoting *In re Prusan*, No 09-49719 (CEC), 2010 Bankr. LEXIS 699, at *3 (Bankr. E.D.N.Y. Mar. 2, 2010)); *see also Silk*, 2016 Bankr. LEXIS 1127, at *9. Many courts have held that, in assessing whether attorneys' fees are reasonable and necessary, it is important to look to see whether the debtor took steps to mitigate any potential for injury arising out of the stay violation. *See Silk*, 2016 Bankr. LEXIS 1127, at *10-12; *In re Docherty*, No. 15-14124, 2016 Bankr. LEXIS 511, at *28-30 (Bankr. N.D. Ohio Feb. 18, 2016); *In re Phillips*, No. 3:15-bk-30632-SHB, 2015 Bankr. LEXIS 2305, at *8-9 (Bankr. E.D. Tenn. July 13, 2015); *In re Squire*, No. 13-62070, 2014 Bankr. LEXIS 1291, at *14-16 (Bankr. N.D.N.Y. Mar. 26, 2014).

6

In the Court's view, it is not necessary to determine whether CNB violated the automatic stay or whether that violation—if found—was willful under the test established by the Second Circuit in *In re Weber*, 719 F.3d 72 (2d Cir. 2013). Because Crowder has conceded that he did not suffer any cognizable injury as a result of the actions of CNB—an essential element of proof under § 362(k)(1)—his motion must fail, unless the attorneys' fees associated with this litigation were reasonable and necessary. *See Silk*, 2016 Bankr. LEXIS 1127, at *10-12; *Vaughn*, 2016 Bankr. LEXIS 661, at *9; *Phillips*, 2015 Bankr. LEXIS 2305, at *8-9; *Sturman*, 2011 U.S. Dist. LEXIS 109599, at *12.

At oral argument, Crowder's attorney suggested that he should be compensated for 8 to 10 hours of legal work, at a rate of $250.00 an hour, for bringing the motion. Crowder does not dispute the fact that he initiated at least one post-petition telephone conversation with CNB to discuss surrender of the Dodge. He also admits reading the subsequent CNB letter of May 11, 2016, addressed to his son but delivered to his home. Despite having a couple of chances to simply tell the CNB representative that he had filed a Chapter 7 petition—perhaps mentioning the date of filing, the case number, and his attorney's name—Crowder said nothing to CNB. Had Crowder told CNB that he had filed for relief, this litigation would most likely have been unnecessary. Counsel also missed the chance to mitigate any potential for damage by failing to return a post-petition pre-repossession telephone call from CNB (ECF No. 19 ¶ 7). At oral argument, counsel attributed Crowder's failure to mention to CNB that he had filed a bankruptcy petition on Crowder's medical condition. But, if there was a real concern for Crowder's fragile state of mind, it would have made more sense for counsel to quickly call CNB, instead of resorting to a motion for sanctions—a much longer process to undertake. Because a short telephone call would have done the trick, the Court finds that the sanctions motion was not

7

reasonable or necessary to stop an ongoing stay violation. Additionally, the motion does not seek to undo a stay violation. No request is made for return of the jointly titled Dodge. The debt owed on the Dodge is nearly two times its value, and the loan has been in default for months. Neither Crowder nor his son deny that they invited CNB to recover possession of the Dodge. Finally, the motion does not seek to recover damages for any pre-litigation injury or loss proximately caused by CNB. Crowder admits that there weren't any.

As the *Sturman* court observed, "[the] concern about the propriety of awarding fees in the absence of other actual damages is particularly compelling where, as here, the only fees and costs at issue were expended not in efforts to withdraw the offending judgment or motion or to halt the offending conduct, but in bringing a motion for damages under § 362." *Sturman*, 2011 U.S. Dist. LEXIS 109599, at *11-12. So too here. This Court does not take lightly its obligation to protect the integrity of the bankruptcy system by enforcing the automatic stay. But where an alleged willful violation causes the debtor no cognizable injury, and where there is an absence of even basic efforts to mitigate the potential for damage, an award of attorneys' fees would reward (and may encourage) a "ready-fire-aim" approach to enforcing the automatic stay. "The automatic stay 'is intended to be a shield protecting debtors and their estates, and should not be used as a sword for their [or debtor's counsel's] enrichment.'" *Phillips*, 2015 Bankr. LEXIS 2305, at *9 (quoting *In re Skeen*, 248 B.R. 312, 321 (Bankr. E.D. Tenn. 2000)). And so this litigation ends in large measure because of the way it began—unremarkably. And a simple remark by Crowder to CNB about having filed a Chapter 7 petition would have avoided this litigation, before the breech was ever loaded.

The ending point for the motion is driven by the particular facts of this case. The Court would caution creditors' counsel not to read this decision as an open invitation to disregard the

8

Case 2-16-20440-PRW    Doc 26    Filed 06/16/16    Entered 06/16/16 13:39:48    Desc Main
Document    Page 8 of 10

automatic stay. That would be unwise. There are tools within easy reach of creditors to guard against potential stay violation claims, such as PACER,[2] where creditors can readily determine whether a bankruptcy filing has actually taken place. If a bankruptcy petition has been filed, a creditor should assume the automatic stay is operating with full vigour. Debtors' counsel should not read this decision as a prohibition against seeking court intervention to address stay violations. While the stay is "automatic" by operation of 11 U.S.C. § 362(a), it is not magic. Often, some minimal effort by debtors or their attorneys is necessary to let creditors know that a bankruptcy petition has been filed. A brief phone call or letter is usually enough to stop creditor contacts or to undo the effects of a violation—returning garnished wages, for example. Telling a debtor that once a bankruptcy petition is filed, creditor contact will automatically stop—instantly—is not realistic and probably creates unreasonable expectations by debtors, and may result in a strain on the attorney-client relationship. An ounce of mitigation effort by debtors' counsel may work more quickly and effectively than a barrel of litigation—if not, then court intervention may be reasonable and necessary.

The Court exercises its discretion in denying an award of attorneys' fees and sanctions to Crowder under § 362(k)(1), even if the actions of CNB were determined to be a willful violation of the automatic stay—a determination the Court need not reach here. Because Crowder admits to having suffered no actual injury or pecuniary loss proximately caused by the actions of CNB, the Court finds that Crowder failed to carry his burden of proof under 11 U.S.C. § 362(k)(1). And because no pre-litigation effort to mitigate any potential for damage was made by or on behalf of Crowder, the Court finds that the attorneys' fees generated by Crowder in connection

---

[2] Public Access to Court Electronic Records ("PACER") can be accessed at www.pacer.gov.

with the stay litigation were not reasonable and necessary. In this case, far less costly and much less time-consuming alternatives would have been sufficient to address the alleged stay violations.

V.

**CONCLUSION**

Crowder's motion for sanctions and attorneys' fees under 11 U.S.C. § 362(k)(1) is in all respects **DENIED**.

IT IS SO ORDERED.

DATED: June 16, 2016 _____/s/_____
       Rochester, New York        HON. PAUL R. WARREN
                                                  United States Bankruptcy Judge